IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ULTRA STEAK INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UTICA MUTUAL )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | CASE NO. 1:15-cv-1032 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ultra Steak Inc. ("Ultra Steak"), for its Complaint for Declaratory Judgment against Defendant Utica Mutual Insurance Company ("Utica Insurance"), states as follows:

### Parties to Action

1. Ultra Steak is an Indiana corporation with its principal place of business in Fishers, Indiana.

2. Upon information and belief, Utica Insurance is a New York corporation with its principal place of business in New York, and was, at all relevant times, licensed to conduct insurance business in Indiana.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) in that Ultra Steak and Utica Insurance are citizens of different states and the amount in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because (a) Utica Insurance is considered to reside in this judicial district as it is subject to the Court's

- 2 -

personal jurisdiction with respect to this civil action and (b) because it sold and issued the insurance policy at issue in this judicial district.

## Introduction and Insurance Policy

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy about the scope of insurance coverage under an insurance policy sold to Sorg-Ehrman Insurance Agency, Inc. ("Sorg-Ehrman") by Utica Insurance.

6. Utica Insurance is the Errors and Omissions insurance carrier for Sorg-Ehrman under E&O Policy No. 1486849 EO (the "Policy").

7. Ultra Steak is a management company that provides payroll, accounting, and other related services to certain restaurants. During the relevant time period, Ultra Streak provided such services to certain franchisees of Texas Roadhouse Development Corporation, including the following: Modesto Roadhouse, LLC ("Modesto") and Tracy Roadhouse, LLC ("Tracy") (collectively, the "Franchisees").

8. Pursuant to their franchise agreements with Texas Roadhouse Development Corporation, the Franchisees were required to add Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC as additional insureds under their insurance policy.

9. On behalf of the Franchisees, Ultra Steak engaged Sorg-Ehrman to obtain an insurance policy that included Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC, including their parents, affiliates, successors, and assigns, and their respective officers, directors, shareholders, partners, members, agents, representatives, independent contractors and employees of each of them, as additional insureds under the policy.

Error! Unknown document property name.Error! Unknown document property name.

- 3 -

10. Sorg-Ehrman obtained for Ultra Steak and the Franchisees an insurance policy from Philadelphia Indemnity Insurance Company ("Philadelphia"), a Private Company Protection Policy, PHSD896548, with a policy period of December 1, 2013 through December 1, 2014 ("the Philadelphia Policy").

11. On November 18, 2013, Sorg-Ehrman sent Ultra Steak two Certificates of Insurance, representing that Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC were additional insureds under the Philadelphia Policy. Copies of the Certificates of Insurance are attached to this Complaint as *Exhibit A*.

12. In April 2014, a lawsuit was filed in California state court against several entities, including the Franchisees and Texas Roadhouse Development Corporation, alleging various claims, at least some of which were covered by the Philadelphia Policy ("the Lawsuit").

13. When Texas Roadhouse Development Corporation tendered the Lawsuit to Philadelphia for coverage under the Philadelphia Policy, Philadelphia denied coverage because Texas Roadhouse Development Corporation was not an additional insured under the Philadelphia Policy issued to the Franchisees.

14. Upon learning that Philadelphia had denied coverage for Texas Roadhouse Development Corporation, Ultra Steak contacted Sorg-Ehrman to confirm that the Philadelphia Policy it obtained for the Franchisees included Texas Roadhouse Development Corporation as an additional insured, as Sorg-Ehrman had represented to it and as reflected on the Certificate of Insurance.

15. Ultra Steak then learned, for the first time, that while the Certificates of Insurance issued by Sorg-Ehrman represented that Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC were additional insureds and that the "Additional Insured

Error! Unknown document property name.Error! Unknown document property name.

endorsement is included on the . . . Employment Practice Liability policy . . .," no such endorsement existed.

16. Instead, Sorg-Ehrman had obtained a Vicarious Indemnity Endorsement ("VIE") for Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC. A copy of the VIE is attached to this complaint as *Exhibit B*.

17. The VIE does not confer additional insured status on Texas Roadhouse Development Corporation. Indeed, the VIE itself states, in part, that Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC "are not Insureds under this Policy."

18. Pursuant to its franchise agreement, Texas Roadhouse Development Corporation demanded that Tracy Roadhouse and/or Modesto Roadhouse defend and indemnify it in the Lawsuit.

19. In response to that demand, Ultra Steak, on behalf of the Franchisees, has been paying the attorney's fees incurred by Texas Roadhouse Development Corporation in the defense of the Lawsuit.

20. Ultra Steak has also incurred a significant amount of attorney's fees attempting to obtain coverage under the Philadelphia Policy for Texas Roadhouse Development Corporation and Texas Roadhouse Holdings LLC.

21. Ultra Steak sent a demand letter to Sorg-Ehrman demanding that Sorg-Ehrman compensate it for the damages it suffered as a result of Sorg-Ehrman's negligence.

22. Responding on behalf of Sorg-Ehrman, Utica Insurance denied that it or Sorg-Ehrman had any liability to Ultra Steak. Specifically, Utica Insurance stated that "Contrary to your assertion, the VIE does not state that Texas Roadhouse is NOT an insured under the policy.

Error! Unknown document property name.Error! Unknown document property name.

Rather, it does, in fact, confer additional insured status, with the proviso that PHLY reserves the right to agree, or not to agree, to provide a defense in litigated matters."

23. Because Sorg-Ehrman refused to compensate Ultra Steak for its negligence, Ultra Steak has filed a lawsuit for negligence against Sorg-Ehrman in Marion County state court.

24. Pursuant to *Wilson v. Continental Casualty Co.*, 778 N.E. 2d 849 (Ind. Ct. App. 2002), Ultra Steak seeks a declaration that Utica Insurance has a duty to provide coverage and/or indemnification to Sorg-Ehrman for Ultra Steak's negligence claim against it.

### Count I – Declaratory Judgment

25. Ultra Steak incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Ultra Steak has sustained, and will continue to sustain, losses as a result of Sorg-Ehrman's negligence. Utica Insurance has wrongfully denied coverage and/or indemnification for Sorg-Ehrman for its liability to Ultra Steak.

27. Pursuant to 28 U.S.C. § 2201 *et seq.*, Ultra Steak is entitled to a judgment declaring that Utica Insurance is obligated to provide coverage and/or indemnification under the Policy to Sorg-Ehrman for all losses, up to policy limits, arising out of Ultra Steak's claim asserted in its lawsuit against Sorg-Ehrman.

WHEREFORE, Ultra Steak respectfully requests that the Court enter judgment in its favor and against Utica Insurance on this Complaint that: (1) declares Utica Insurance is obligated under the Policy to provide coverage and/or indemnification to Sorg-Ehrman under the Policy for the claims asserted against Sorg-Ehrman by Ultra Steak; (2) awards Ultra Steak its losses, costs, attorneys' fees, prejudgment interest, and all other appropriate relief.

Error! Unknown document property name.Error! Unknown document property name.

- 6 -

        Respectfully submitted,

        */s/ Blake J. Burgan*
        Blake J. Burgan, Atty. No. 18350-49
        Krysta K. Gumbiner, Atty. No. 31989-45
        TAFT STETTINIUS & HOLLISTER LLP
        One Indiana Square, Suite 3500
        Indianapolis, Indiana 46204-2023
        Telephone:  (317) 713-3500
        Email: bburgan@taftlaw.com
               kgumbiner@taftlaw.com

*Counsel for Plaintiff Ultra Steak Inc.*

**Error! Unknown document property name.Error! Unknown document property name.**